UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ADRIAN GUSTAVO T.M.,

          Petitioner,

        v.

WARDEN, CALIFORNIA CITY
CORRECTIONAL CENTER,

          Respondent.

No. 1:26-cv-02667-TLN-SCR

A # 245-952-848

**ORDER**

This matter is before the Court on Petitioner Adrian Gustavo T.M.'s[1] ("Petitioner")
Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order
("TRO") (ECF No. 2). Respondent filed a consolidated Response to Petition for Writ of Habeas
Corpus, Opposition to Preliminary Injunction, and Opposition to TRO. (ECF No. 6.) For the
reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.) Petitioner's
Motion for TRO is DENIED as moot. (ECF No. 2.)

///

///

---

[1] As recommended by the Committee on Court Administration and Case Management of
the Judicial Conference of the United States, the Court omits Petitioner's full name, using only
his first name and last initials, to protect sensitive personal information. *See* Memorandum re:
Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court
Administration and Case Management, Judicial Conference of the United States (May 1, 2018),
https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a noncitizen who entered the United States on or about April 5, 2024.  (ECF No. 6-1 at 1.)  Upon entry, Petitioner was encountered and processed by immigration authorities and placed in removal proceedings.  (*Id.* at 2.)  Shortly thereafter on April 6, 2024, the Department of Homeland Security ("DHS") released Petitioner on an Order of Release on Recognizance.  (*Id.* at 5–6.)  Petitioner's immigration case remains pending, and he does not have a final order of removal.  (ECF No. 1 at 10.)

In the time since his release, Petitioner lived in New York.  (*Id.* at 5.)  There he established ties to his community and worked in construction to support himself.  (*Id.*)  He has no criminal history and no known violations of his release conditions.  (*Id.*)  Petitioner maintains he is not a danger to the community or a flight risk.  (*Id.* at 5, 14.)

On January 19, 2026, Petitioner was on his way to work in Long Island.  (*Id.* at 5.)  As he stood at a bus stop, a vehicle with four ICE agents stopped and arrested him without a clear explanation.  (*Id.*)  He was not committing a crime at the time of his arrest.  (*Id.* at 11.)  The Government's documents confirm Petitioner was arrested based on his immigration status.  (ECF No. 6-1 at 8.)  That same day, DHS issued a warrant for Petitioner's arrest pursuant to § 236 of the Immigration and Nationality Act ("INA").  (*Id.* at 11.)  Petitioner was initially transferred from New York to New Jersey before being moved to the California City Correctional Center.  (ECF No. 1 at 5.)  Petitioner has remained in immigration detention for approximately four months without a bond hearing.  (*Id.*)

On April 13, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus and Motion for TRO.  (ECF Nos. 1, 2.)  Petitioner challenges the lawfulness of his civil detention and seeks immediate release.  (ECF No. 1 at 7–9.)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III.    ANALYSIS**

Petitioner claims his detention violates the INA and the Fifth Amendment Due Process Clause.  (ECF No. 1 at 7–8.)  In opposition, Respondent contends Petitioner is an "applicant for admission" subject to the mandatory detention scheme of 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)").  (ECF No. 6 at 2–3.)

A.    Immigration and Nationality Act

Section 1226(a) of the INA "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).  The statute affords the Government broad discretion whether to release or detain the individual. *Id.*  It also provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202.  Individuals subject to § 1226(a) may only be arrested and detained on a warrant.  8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General . . . .").  Conversely, § 1225(b)(2) mandates detention during removal proceedings for "applicants for admission" who are "seeking admission" and does not provide for a bond hearing. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).  Until the U.S. Department of Homeland Security changed its policy in July 2025, the Government consistently applied § 1226(a), not § 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.

The Court is not persuaded by Respondent's assertion that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2) for two reasons. First, courts throughout the Ninth Circuit, including this one, have repeatedly rejected Respondent's argument on the applicability of § 1225(b)(2). *See e.g.*, *Hortua v. Chestnut*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 at *3 (E.D. Cal. Dec. 9, 2025); *Estrada-Samayoa v. Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases). Respondent puts forth no new arguments or facts justifying reconsideration in this case.

Second, Petitioner was arrested on a warrant made pursuant to § 236 of the INA, which is codified by § 1226. (ECF No. 6-1 at 11.) Because the authority for Petitioner's detention comes from § 1226, it follows that his detention is not governed by § 1225(b)(2) as §§ 1225 and 1226 cannot be applied simultaneously. *Salcedo Aceros*, 2025 WL 2637503, at *8. Respondents make no claim that Petitioner is detained under § 1226(c). (*See generally* ECF No. 6.) The authority for Petitioner's detention must therefore derive from § 1226(a).

Thus, for these reasons and consistent with this Court's numerous prior rulings, the Court finds Petitioner is not an applicant for admission subject to mandatory detention under § 1225(b)(2). Petitioner's detention is instead governed by § 1226(a) and he is entitled to the process so required including, at a minimum, a bond hearing. Having been denied the protections of § 1226(a) for over four months, Petitioner's detention violates the INA.

///

B.      Fifth Amendment Due Process Clause

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas*, 533 U.S. at 693 (2001).  These due process rights extend to immigration proceedings, including detention and deportation proceedings.  *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

i.      *Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)).  "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause."  *Rico-Tapia v. Smith*, 806 F. Supp. 3d 1166, 1182 (D. Haw. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause.  The Government's decision to release Petitioner on recognizance was an "implicit promise" that he would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release.  *Morrissey*, 408 U.S. at 482.  Respondent does not claim, and there is nothing on the record to suggest Petitioner violated the terms of his release.  Moreover, Petitioner has lived in the United States for over two years, during which time he built a life, worked, and developed strong ties to his community.  The time Petitioner spent

released on recognizance and the meaningful community connections he appears to have made in that time create a powerful interest for Petitioner in his continued liberty. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–94 (E.D. Cal. 2025) (finding similarly).

ii.       *Process Required*

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As set forth below, these factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the Government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe*, 787 F. Supp. 3d at 1094. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. Respondent does not assert Petitioner is a danger to the public or a flight risk. As Petitioner has no criminal history and has established ties to the community, the risk that he is being detained without proper justification is exceedingly high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

6

Third, the government's interest in detaining Petitioner without notice or a pre-deprivation hearing is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Notice and custody determination hearings are routine processes for Respondent and are indeed the very processes required under § 1226(a). Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. He received neither. Petitioner's detention therefore violates the Fifth Amendment Due Process Clause.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus.[2] (ECF No. 1.) IT IS HEREBY ORDERED:

1.   Respondent must IMMEDIATELY RELEASE Petitioner Adrian Gustavo T.M. (A # 245-952-848) from custody under the same conditions he was released prior to his current detention. At the time of release, Respondent must return all of Petitioner's documents and possessions. **Respondent must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2.   Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining

---

[2] The Court declines Respondent's request to hold this matter in abeyance pending the outcome of various appeals pending resolution before the Ninth Circuit. (ECF No. 6 at 4.) The Court will not delay issuing relief on the prospective chance that a pending appeal could change the outcome of one claim. The Court also declines Respondent's request to include specific language in the injunction as it remains unclear to the Court why it is necessary. (*Id.* at 4–5.)

free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

      3.     Petitioner's Motion for TRO is DENIED as moot. (ECF No. 2.)

      4.     **The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order.**

      5.     The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: April 17, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE